IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY R. SELDON, ET AL. | : CIVIL ACTION |
| | : |
| vs. | : |
| | : |
| HOME LOAN SERVICES, INC. | : |
| D/B/A FIRST FRANKLIN LOAN | : |
| SERVICES, | : |
| FIRST FRANKLIN FINANCIAL | : |
| CORPORATION | : |
| WELLS FARGO BANK, N.A. | : NO.  07cv4480 |

MEMORANDUM AND ORDER

YOHN, J.                                                                                                       JANUARY 26th, 2009

      Plaintiffs have filed a motion for leave to file a third amended complaint against the defendants and for an enlargement of time for service upon Wells Fargo Bank, N.A.  For the reasons that follow, the court will deny the motion for enlargement of time for service as to Wells Fargo, dismiss Wells Fargo as a party to this action, and grant the motion to file a third amended complaint against the remaining two defendants.

**I. Motion for Enlargement of Time for Service upon Wells Fargo**

      Wells Fargo was first added as a party to this action when the plaintiffs filed their second amended complaint on April 1, 2008.  To this date, Wells Fargo has not been served with process.  At oral argument on November 20, 2008, the court raised on its own motion, as authorized under Rule 4(m), the lack of service upon Wells Fargo.  Plaintiffs' counsel responded that Wells Fargo had evaded service.  When the court suggested that the proper remedy for that problem is to file a motion for alternative service, plaintiffs' counsel agreed.  As a result of the oral argument, by order dated December 3, 2008, the court dismissed Wells Fargo as a party to the action without prejudice to the right of the plaintiffs to file a motion within ten days of the date of the order setting

forth good cause for failure to make timely service and requesting an extension of time for service under Rule 4(m).

Pursuant to this order, plaintiffs filed an appropriate motion on December 22, 2008.[1] Plaintiffs have not set forth good cause for prior failures to serve Wells Fargo in a timely manner to entitle plaintiffs to an extension for time to serve. Similarly, plaintiffs have not presented sufficient reasons for the court to exercise its discretion to extend the time for service.

Plaintiffs assert that "[o]n numerous occasions, [they] attempted to effectuate service upon Wells Fargo." Although in their brief plaintiffs specify neither the exact number of service attempts nor the methods of service, according to plaintiffs' exhibits they attempted to serve Wells Fargo via Federal Express delivery on two occasions: (1) on August 6, 2008 to an address in Santa Ana, California and (2) on August 20, 2008 to an address in San Francisco, California. The exhibits supporting the August 6, 2008 attempt at service consist of a cover letter from counsel to Wells Fargo, a mailing label of Federal Express dated August 7, 2008, and a response from Federal Express dated August 13, 2008 stating that the entity at the Santa Ana address had moved with no forwarding address. The exhibits concerning the August 20, 2008 attempt at service consist of a cover letter

---

[1] Plaintiffs' motion for enlargement pursuant to the order dated December 3, 2008 was not filed until December 22, 2008. However, plaintiffs intended to file the motion on December 15, 2008 and apparently their counsel inadvertently forwarded the wrong document to the clerk. When opposing counsel notified plaintiffs' counsel of the error on December 22, 2008, plaintiffs' counsel filed the instant motion on that date and convinced the clerk to mark it as having been filed on December 15, 2008 as noted on the docket. The court will accept this excuse as plaintiffs' counsel did notify the court of the error and correction in a letter sent via fax. Had the motion for enlargement of time been filed on December 15, 2008, as intended by the plaintiffs, the court would have granted it. Therefore, the court will consider that motion as having been granted and the time for plaintiffs to respond to the order of December 3, 2008 is extended five days. As a result, plaintiffs' motion for leave to file a third amended complaint and for enlargement of time for service will be considered as timely.

from counsel and the mailing label from Federal Express dated August 21, 2008 to an address in San Francisco. Plaintiffs submitted neither a document evidencing a response from Federal Express as to whether Wells Fargo ever received the document or rejected it, nor any evidence that Federal Express deemed the document undeliverable. Further, the mailing labels in plaintiffs' exhibits contain no designated space for the recipient to acknowledge receipt of the document.

Before these attempts at service, plaintiffs contacted counsel for Wells Fargo on April 16, 2008 and requested a waiver of service. Plaintiffs claim that "counsel did not advise [p]laintiffs as to Wells Fargo's decision" about waiver. As a result, according to plaintiffs, this lack of response "caus[ed] time to elapse."[2] No motion for alternative service due to attempts by Wells Fargo to evade service was ever filed.

Under Federal Rule of Civil Procedure 4(m), if a party fails to serve original process on a defendant within 120 days of filing the complaint, the court must dismiss the action against that defendant on motion or on its own after notice to the plaintiff, unless "the plaintiff shows good cause for the failure." Here, plaintiffs filed their second amended complaint on April 1, 2008 adding Wells Fargo as a new party and making July 30, 2008 the deadline for service on Wells Fargo. Plaintiffs did not even attempt service until August 6, 2008 and still have presented no evidence that they ever did effect service on Wells Fargo.

Under Rule 4(h), which outlines the methods of service upon a corporation, delivery by Federal Express does not constitute proper service. *Cf. Staudte v. Abrahams*, 172 F.R.D. 155, 156 (E.D. Pa. 1997) ("[T]he Federal Rules of Civil Procedure do not provide for service of original

---

[2] Plaintiffs' briefs contain misstatements as to procedural facts too numerous to itemize.

process by mail, including certified mail."). Rule 4(h)(1)(A) does permit service using a method authorized by appropriate state law, here Pennsylvania law, and the Pennsylvania Rules of Civil Procedure permit service on an out-of-state corporation "by any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403; *see* Pa. R. Civ. P. 404(2) (permitting service on out-of-state corporation by mail as provided in Rule 403); *see also Chapman v. Homecomings Fin. Servs., LLC*, Civ. Act. No. 07-4553, 2008 WL 1859540, at *1 (E.D. Pa. Apr. 25, 2008) (noting that "under Pennsylvania law, service by mail upon an out-of-state individual or corporation is not proper unless it is effected by a form of mail requiring a receipt signed by the defendant or his authorized agent" and concluding that plaintiff failed to meet this requirement). Plaintiffs' exhibits include only Federal Express mailing labels, not signed receipts from Wells Fargo confirming delivery and acceptance; therefore, plaintiffs have not properly served Wells Fargo. Consequently, plaintiffs can only properly serve Wells Fargo if this court grants an extension of the time to serve.

      In the Third Circuit, courts determine extensions of time to serve under Rule 4(m) based on a two-pronged inquiry.

> First, the court must determine whether good cause exists for the failure to have effected service in a timely manner. If so, the extension must be granted. If good cause has not been shown, however, the court still may grant the extension in the sound exercise of its discretion.

*McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998) (citing *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995)).

Concerning the first prong, the Third Circuit has

> equated "good cause" with the concept of "excusable neglect" of Federal Rule of Civil Procedure 6(b)(2), which requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules."

*MCI*, 71 F.3d at 1097 (citing *Petrucelli*, 46 F.3d at 1312 (Becker, J., concurring in part and dissenting in part)). In determining whether good cause exists for permitting service beyond the 120-day deadline, courts rely on three factors: "(1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve." *Id.* (citing *United States v. Nuttall*, 122 F.R.D. 163, 166-67 (D. Del. 1988). Moreover, even where untimely service does not prejudice a defendant, "absence of prejudice alone can never constitute good cause to excuse late service." *Id.* Ultimately, "the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.*

In citing the failure of Wells Fargo's counsel to reply to plaintiffs' request for a waiver of service, plaintiffs' proffered reason does not come close to constituting good cause. Plaintiffs made no reasonable effort to serve Wells Fargo within the 120-day deadline and cannot cite as good cause for their delay opposing counsel's lack of response about waiver of service. *See Connolly v. Mitsui O.S.K. Lines (America) Inc.*, Civ. Act. No. 04-CV-5127, 2006 WL 2466848, at *5 (D.N.J. Aug. 24, 2008) (listing among reasons for not finding good cause plaintiffs' failure to "even attempt service until the end of the 120 day period"); *E.I. Du Pont de Nemours & Co. v. New Press, Inc.*, No. Civ. A. 97-6267, 1998 WL 355522, at *3 (E.D. Pa. June 29, 1998) (finding no good cause where plaintiff waited for defendant's response to request for waiver, instead of pursuing proper personal service); *Momah v. Albert Einstein Med. Ctr.*, 158 F.R.D. 66, 69 (E.D. Pa. 1994)

(finding no good cause where plaintiff did not even attempt service until day before time for service expired and blamed failure of defense counsel to return telephone call). In fact, beyond a few short emails to counsel for Wells Fargo concerning waiver of service, plaintiffs present no other evidence of any conduct even related to effecting timely service or mitigating their failure to serve timely. These "'half-hearted' efforts by counsel to effect service of process prior to the deadline do not necessarily excuse a delay" and certainly do not constitute good cause. *Petrucelli*, 46 F.3d at 1307 (citation and quotation omitted).

Moreover, because plaintiffs never moved for permission for alternative service or an extension of time to serve before the 120-day deadline, the court has less reason to find good cause. *See MCI*, 71 F.3d at 1097 (finding good cause not shown where plaintiff failed to file for extension of time to serve before service deadline); *Du Pont*, 1998 WL 355522 at *3 (finding no good cause where plaintiff failed to move for alternative service). Even accepting plaintiffs' claim that Wells Fargo would suffer no prejudice from service beyond the 120-day deadline, because plaintiffs have provided no other reasons for their untimely attempts at service, this "prejudice alone can[not] constitute good cause to excuse late service." *MCI*, 71 F.3d at 1097. In short, plaintiffs provide neither a demonstration of a good faith effort to serve Wells Fargo, nor any reasonable basis for noncompliance with the time for service under Rule 4(m). *Id.*

"Even if a plaintiff fails to show good cause, the [court] *must* still consider whether any additional factors warrant a discretionary extension of time." *Himmelreich v. United States*, 285 Fed. App'x 5, 7 (3d Cir. 2008) (emphasis added); *see also Petrucelli*, 46 F.3d at 1307 ("[T]he district court *must* consider whether any other factors warrant extending time even though good cause was not shown." (emphasis added)). The Third Circuit has turned to Rule 4's "Advisory Committee note

6

[for] some guidance as to what factors the district court should consider when deciding to exercise its discretion to extend time for service in the absence of a finding of good cause." *Petrucelli*, 46 F.3d at 1305. According to that note, the court may, but is not required to, extend the time for service "if the applicable statute of limitations would bar the refiled action." Fed. R. Civ. P. 4 advisory committee's note (2008); *see also Petrucelli*, 46 F.3d at 1305 n.7 (explaining that note does not mean that every time statute of limitations would bar refiled action good cause exists and thus extension of time to serve required). Courts can also consider whether the extension will cause prejudice to the defendant, i.e., damage or impairment to the defendant's ability to defend against the action. *Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997). In deciding to grant a discretionary extension, the court must consider the Third Circuit's "preference that cases be disposed of on the merits wherever practicable." *Hirtz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984).

Several reasons weigh against a discretionary extension of time to serve Wells Fargo. Plaintiffs neither attempted service in a timely fashion, even though plaintiffs' counsel acknowledged the rules require timely service, nor sought an extension for time to file, even though plaintiffs' counsel acknowledged that the rules permit requesting an extension. *McCurdy*, 157 F.3d at 196 (finding discretionary extension unwarranted because "[n]one of [plaintiff's] attempts at service was timely," and plaintiffs did not request extension before time to serve lapsed). *Cf. Phillips v. Household Fin. Corp.*, Civ. Act. No. 06-100-JJF, 2007 WL 1830897, at *3 (D. Del. June 25, 2007) (finding discretionary extension proper upon finding "no evidence of bad faith or conscious disregard of the federal rules by Plaintiff"). Additionally, although plaintiffs had plenty of time to serve Wells Fargo properly, plaintiffs never offered the court any explanation for the failure to do so until the court specifically requested an explanation. *Gianfredi v. Hilton Int'l of P.R.*,

*Inc.*, Civ. Act. No. 08-0769 (HAA), 2008 WL 4425228, at *6 (D.N.J. Sept. 24, 2008) (denying discretionary extension of time to serve because plaintiffs had plenty of time to serve and failed to provide explanation of failure to do so until after defendants' motion to dismiss for improper service). The minimal effort required by Pennsylvania Rules to serve the complaint on Wells Fargo—by certified mail, return receipt requested—was never attempted within the 120-day period, and when it was attempted belatedly, plaintiffs never followed up with Federal Express to determine the fate of the second mailing. Finally, denying the discretionary extension finds further support in plaintiffs' failure to provide any evidence that Wells Fargo engaged in any conduct to evade service of process. *See Momah*, 158 F.R.D. at 70 (finding, absent good cause, no other reason to extend time for service where defendant did "nothing to evade service of process").

Nonetheless, other factors do somewhat favor granting a discretionary extension. If the court were to deny the extension of time to file, the applicable statutes of limitations might bar a few of plaintiffs' refiled claims against Wells Fargo. Plaintiffs allege that two agreements, a refinancing agreement made on November 3, 2004 and a repayment plan for that loan made in April of 2006, give rise to their claims for violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Uniform Trade Practices Consumer Protection Law ("UTPCPL"), the Fair Credit Extension Uniformity Act ("FCEUA"), and the common law against fraud. Because according to plaintiffs' second amended complaint the TILA and RESPA claims refer to the 2004 loan, the applicable three-year statute of limitations already barred these claims against Wells Fargo when plaintiffs first filed a complaint adding Wells Fargo as a defendant on April 1, 2008. *See* 15 U.S.C. § 1640 (2006) (setting three-year statute of limitations for TILA rescission actions); 12 U.S.C. § 2614 (2006) (setting maximum three-year statute of limitations for

RESPA actions concerning notice). The status of the FCEUA and fraud claims depends upon whether the plaintiffs construe them as arising out of the 2004 loan or the 2006 repayment plan. The two-year statute of limitations would already bar these claims as of April 1, 2008 if they are construed as arising out of the 2004 loan. *See* 73 P.S. § 2270.5(b) (2008) (setting two-year statute of limitations for FCEUA claims); 42 Pa. C.S.A § 5524 (2008) (setting two-year statute of limitations for fraud claims). However, if they are construed as arising out of the 2006 repayment plan, assuming plaintiffs did not have reasonable knowledge of the injuries giving rise to these claims before April 1, 2006, they would not have been barred as of April 1, 2008 but would be barred with the filing of a new complaint. *Fine v. Checcio*, 870 A.2d 850, 859 (Pa. 2005) ("[T]he statute of limitations does not commence . . . until the injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct.") The UTPCPL claim would not be barred by the statute of limitations under either scenario. *See Bariel v. O'Hara*, 534 A.2d 488, 493-96 (Pa. Super. Ct. 1987) (determining six year statute of limitations for UTPCPL). Thus, the statutes of limitations' ramifications favor the granting of the motion, but only very slightly, and by no means require a discretionary extension of time for service on Wells Fargo.

Not only does the statute of limitations issue not require the court to grant the extension, but it also does not outweigh the reasons that favor denying the extension, specifically plaintiffs' counsel's minimal, untimely, and ineffectual attempts to serve Wells Fargo. *Boley* 123 F.3d at 759 ("The district court, of course, retains discretion to refuse to extend time, even if the statute of limitations has run."); *Allstate Ins. Co. v. Fumai Corp.*, 249 F.R.D. 157, 166 (M.D. Pa. 2008) (declining discretionary extension because of plaintiffs' failure to request alternative service,

to request timely extension for time to serve, or to notify court of reasons for not making service, all of which outweighed lack of prejudice to defendant and statute of limitations' bar on refiling). Plaintiffs' counsel has demonstrated only his own negligence in failing to make service upon Wells Fargo. Plaintiffs provide no evidence of attempts to evade service by Wells Fargo, an entity whom plaintiffs could have easily located for service as Wells Fargo took over plaintiffs loan and later initiated foreclosure on plaintiffs' home. Plaintiffs' counsel just did not make any significant effort to effectuate service properly between April 1, 2008 and the date of this Memorandum. Moreover, even after plaintiffs' counsel acknowledged that his proper response should have been a motion for alternative service due to the alleged efforts of Wells Fargo to evade service, he did not file such a motion.

When this court faced remarkably similar facts in *Connolly v. Mitsui O.S.K. Lines (America) Inc.*, the court observed that where plaintiff neither made "good faith efforts to effect service of process," nor "took any steps whatsoever to perfect the service of process on [d]efendant." those factors favor declining to grant a discretionary extension of the time to serve. 2006 WL 2466848 at *6 (noting plaintiff failed to serve within 120-period, failed to seek alternative service, and claimed defendant evaded service when plaintiff had first-hand knowledge of defendant's address). In light of this case and as a result of the facts identified above, the court will refuse to exercise its discretion to grant plaintiffs an extension of time to serve Wells Fargo. The motion for extension of time will be denied and Wells Fargo will be dismissed as a party to this action. Enough is enough.

### II. Motion for Leave to File Third Amended Complaint

   The court granted plaintiffs the right to file a motion for permission to file a third amended complaint with reference to Home Loan Services, Inc. and First Franklin Financial Corporation. They have done so and defendants have filed a response and plaintiffs a reply. In their response the defendants have pointed to the futility of filing the third amended complaint. Plaintiffs chose essentially to ignore this argument. Nevertheless, the court will allow the filing of the third amended complaint with reference to these two defendants subject to the right of the defendants to file a motion to dismiss or a motion for summary judgment, or both, as they may choose. If they choose to file a motion to dismiss, they may merely incorporate their briefs filed in their responses to this motion or they may file a new motion, at their election.

   The motion to file a third amended complaint will be granted.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TROY R. SELDON, ET AL. | : CIVIL ACTION |
| | : |
| vs. | : |
| | : |
| HOME LOAN SERVICES, INC. | : |
| D/B/A FIRST FRANKLIN LOAN | : |
| SERVICES, | : |
| FIRST FRANKLIN FINANCIAL | : |
| CORPORATION | : |
| WELLS FARGO BANK, N.A. | : NO. 07cv4480 |

O R D E R

**AND NOW**, this 26th day of January, 2009, upon consideration of Plaintiffs' Motion for Leave to File Third Amended Complaint and for Enlargement of Time for Service (Document No. 55), the response of defendants Home Loan Services, Inc. and First Franklin Financial Corporation, and plaintiffs' reply, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion for an extension of time for service upon Wells Fargo Bank, N.A. is **DENIED,** and Wells Fargo Bank, N.A. is **DISMISSED** as a party to this action.

2. Plaintiffs' motion for leave to file a third amended complaint is **GRANTED** and plaintiffs may file their third amended complaint within fourteen days of the date of this order. This order is without prejudice to the right of the defendants to file a motion to dismiss the third amended complaint and/or a motion for summary judgment. If either or both defendants elect to file a motion to dismiss they may do so by incorporating the brief contained in their response to this motion or by filing a new motion to dismiss, as they may elect.

        s/William H. Yohn Jr.
        William H. Yohn Jr., Judge